FILED  -PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 OCT 15  AM 11:50

U.S. DISTRICT COURT
WDNY - BUFFALO

---

FRANKLIN LEONARD, 99-B-0631,,

    Petitioner,

    -v-

J. MANCE, Superintendent,

    Respondent.

**DECISION AND ORDER**
07-CV-0374M

---

The petitioner, Franklin Leonard, acting *pro se*, has sought relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Monroe County, State of New York, on February 15, 2001, was unconstitutional. Petitioner was granted *in forma pauperis* status.

In order to permit the Court to properly evaluate the timeliness issue under 28 U.S.C. § 2244(d)(1) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, petitioner was directed to complete the Court's § 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1)." In petitioner's response, he informed the Court that he had failed to include as one of his collateral attacks a state court habeas corpus petition that he had filed on January 13, 2005, and which was dismissed for "failure to perfect" at sometime in June, 2006. Docket # 5, Para.1. However, a motion to vacate the dismissal of the habeas appeal was filed on May 2, 2007 and granted on May 24, 2007.

Docket #7, para. 2. Therefore, under the Second Circuits definition of a "pending" collateral attack, the Court cannot say that the instant petition is untimely. *Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999) ("a state-court petition [for post-conviction or other collateral review] is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures.")

Petitioner's conviction was affirmed on June 14, 2002, *People v. Leonard,* 295 A.D.2d 998, 743 N.Y.S.2d 598 (4th Dept. 2002), and leave to appeal was denied by the New York Court of Appeals on November 7, 2002, *People v. Leonard,* 99 N.Y.2d 537, 752 N.Y.S.2d 598 (2002). For purposes of § 2244(d)(1)(A), the conviction became "final" on February 5, 2003, 90 days after leave to appeal was denied. See *Warren v. Garvin,* 219 F.3d 111, 112 (2d Cir.).

While petitioner's request for leave to appeal to the New York Court of Appeals was still pending, he filed on October 22, 2002, a petition under Article 78 of the New York Civil Practice Law and Rules alleging that the New York State Department of Correctional Services had unlawfully aggregated a concurrent term of imprisonment consecutively and that he should have been credited with time already served. (Docket No. 3, Petitioner's Memorandum of Law, p.2). This claim is similar to the claims raised in the instant habeas corpus petition--*viz.*, that the trial judge unlawfully imposed a consecutive sentence and he has been subjected to double jeopardy by the running of the sentences consecutively.

(Docket No. 1, Petition, pp. 7-8). His Article 78 petition was denied by New York State Supreme Court, Albany County on March 5, 2003, and it was affirmed on February 19, 2004, by the Appellate Division, Third Department, *Leonard v. Dushantinski*, 4 A.D.3d 642, 771 N.Y.S.2d 743 (3d Dept. 2004). Leave to appeal to the New York Court of Appeals was denied on September 2, 2004. *Leonard v. Dushantinski*, 3 N.Y.3d 685, 785 N.Y.S.2d 7 (2004).

Accordingly, and assuming arguendo that the filing of the Article 78 petition effectively tolled the statute of limitations, *see* 28 U.S.C. § 2244(d)(2), the statute of limitations clock did not effectively begin to run until September 2 2004, the date leave to appeal from the denial of the Article 78 petition was denied by the Court of Appeals and that toll ended. Petitioner then filed the above described habeas action on January 13, 2005 (133 days later), and the statute of limitations has been tolled until the present time, since petitioner's habeas action is still pending in state court and has not been "finally disposed of" pursuant to *Bennet v. Artuz, supra*.

Because the petition does not now appear to be untimely, the Court must address the concern petitioner put to the Court in the cover letter included with his timeliness response (Docket # 8). Petitioner indicates that, because he now believes his petition is premature, he has been advised that the proper step is to withdraw his petition. However, he indicates that he wishes to withdraw only if

that would not preclude refiling at a later date. If withdrawal will have an adverse effect, he would like direction on the proper procedure.

If the petitioner were to withdraw the entire petition without prejudice to refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations. 28 U.S.C. § 2244(d)(1). The Second Circuit Court of Appeals has indicated that a court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations. Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001). Under certain circumstances, a stay may be appropriate in a federal writ of Habeas corpus proceeding where a litigant may be facing a potential statute of limitations bar if the petition is withdrawn in order to exhaust. Rhines v. Weber, 544 U.S. 269 (2005); and see Zarvela, 254 F.3d at 380. The issuance of such a stay and abeyance order is appropriate when the Court determines that there was "good cause" for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner engaged in "intentionally dilatory litigation." Id. at 277.

Accordingly, this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claims, and to dismiss without prejudice his unexhausted claims. If petitioner finishes presenting the unexhausted claims to the appropriate state courts and returns to this Court within the time limits set

forth below, he will be permitted to amend his petition to reinstate the claims and such amendment will relate back to the date of the original petition. See Zarvela, 254 F.3d at 381-382.

This stay is conditioned on petitioner's initiation of efforts to exhaust his unexhausted claims within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust. If either condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed if it is not still timely. See id. Accordingly,

IT HEREBY IS ORDERED, that to the extent petitioner's claims in his petition are unexhausted, the claims are dismissed without prejudice subject to the condition that petitioner initiate efforts to exhaust these claims within 30 days of the filing of this order and that petitioner return to this Court within 30 days of the completion of the effort to exhaust;

FURTHER, that this petition is stayed pending petitioner's exhaustion of the dismissed claims.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   Oct. 15, 2007